```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MAC TRUONG,                                                 :
                                                            :
                          Plaintiff,                        :
                                                            :
           -against-                                        :   REPORT AND RECOMMENDATION
                                                            :
STEVEN P. KARTZMAN, ET AL.,                                 :   07 Civ. 7070 (LTS)(KNF)
                                                            :
                          Defendants.                       :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LAURA T. SWAIN, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

The plaintiff, Mac Truong ("Truong"), is a disbarred New York attorney, who submitted an application, pro se, for leave either to: (1) reinstate the instant litigation, dismissed by your Honor previously, without prejudice; or (2) commence a new civil action. In addition, Truong seeks an order declaring he is not prohibited, by a February 14, 2008 injunction, issued by the United States Bankruptcy Court for the District of New Jersey (the "New Jersey Bankruptcy Court"), from litigating in this judicial district, against a number of the defendants named in the instant action.

The New Jersey Bankruptcy Court injunction bars Truong from litigating against the individuals and firms who were involved in administering Truong's Chapter 7 bankruptcy estate, including, among others, Steven P. Kartzman, Esq. ("Kartzman"), the assigned bankruptcy trustee, and the Honorable Novalyn L. Winfield, the assigned judicial officer. The New Jersey Bankruptcy Court prescribed specific procedures Truong would have to follow if he applied to have the injunction lifted and to "file a new action against the Trustee and/or his professionals."

On February 26, 2008, your Honor dismissed Truong's action, without prejudice, and advised him that: "no further application for reinstatement of the instant action will be

1

entertained by this [c]ourt absent proof that leave to litigate in this forum has been granted by the New Jersey Bankruptcy Court and by a Magistrate Judge of this [c]ourt, as required by [an earlier order issued by] Judge Scheindlin[ ]." (emphasis in original). Truong did not obtain leave from the New Jersey Bankruptcy Court, before making the instant application. The defendants have not appeared in the action and, thus, have not opposed Truong's application, which is analyzed below.

## BACKGROUND

*Disbarment and the Broadwhite Litigation*

Truong challenged sanctions imposed on him by the New York State Supreme Court, due to an "unremitting course of obstructionist, frivolous and otherwise contemptuous conduct . . . including disobedience of court orders," in which Truong had engaged.[1] The Departmental Disciplinary Committee for the New York State Supreme Court, Appellate Division, First Department ("Disciplinary Committee"), recommended a suspension, initially, and disbarment, subsequently, as a result of the litigation-related misconduct, by Truong, referenced above, that occurred during landlord-tenant litigation.[2] The Appellate Division, First Department (the "First Department"), adopted the Disciplinary Committee's recommendations. Truong litigated in this judicial district, unsuccessfully, against Justices, and former Justices, of the First Department and its Disciplinary Committee members.

*McGoldrick Litigation*

Truong sought damages, pursuant to 42 U.S.C. § 1983, in connection with the disciplinary proceedings that had been initiated against him, and the related findings and recommendations made by the Disciplinary Committee, which were later adopted by the First

---

[1] See Broadwhite Assocs. v. Truong, 294 A.D.2d 140, 141, 740 N.Y.S.2d 882, 883 (App. Div. 1st Dep't 2002).

[2] See In Re Truong, 2 A.D.3d 27, 768 N.Y.S.2d 450 (App. Div. 1st Dep't 2003) (per curiam); see also In Re Truong, 22 A.D.3d 62, 67, 800 N.Y.S.2d 12, 16 (App. Div. 1st Dep't 2005); In Re Mac Truong, No. 07-9006-AM, Order of Disbarment (2d Cir. February 13, 2007); and In re Discipline of Truong, 548 U.S. 930, 127 S. Ct. 142 (2006).

Department. The Honorable Shira A. Scheindlin dismissed his claims, pursuant to Fed. R. Civ. P. 12(b)(6), and ordered Truong be:

> [E]njoined from commencing any actions or proceedings against the Committee defendants or the State Judiciary defendants, or against any other parties, relating to the Broadwhite litigation or relating to his suspension or disbarment from the practice of law, absent prior approval from this [c]ourt. The Clerk of Court is hereby directed to refuse for filing any document plaintiff attempts to file, unless accompanied by leave from a Magistrate Judge of this [c]ourt.

Truong v. McGoldrick, No. 06 Civ. 1430, 2006 WL 1788960, at *5 (S.D.N.Y. June 27, 2006), aff'd Truong v. McGoldrick, 272 Fed. Appx. 70, 71 (2d Cir. 2008). Truong twice sought reconsideration of the injunction imposed in McGoldrick; the latter motion was made on November 7, 2008. Judge Scheindlin denied the motion and enjoined Truong from filing any further motions in connection with that case. See McGoldrick, 06 Civ. 1430, at *3 (November 17, 2008 Order, Docket Entry No. 21).

*Chapter 7 Proceedings*

Following the dismissal of McGoldrick, Truong initiated the instant litigation and sought judicial intervention from your Honor, regarding the Chapter 7 bankruptcy case, which he commenced as a debtor, in the New Jersey Bankruptcy Court. See In Re: Mac Truong and Maryse Mac-Truong, No. 03-B-40283 (USBC-D.N.J.). Truong insists the seizure and sale of, and his eviction from, a residential property located in Teaneck, New Jersey, (the "Teaneck property"), violated his rights since, according to Truong, the Teaneck property was made part of the Chapter 7 estate improperly, by its trustee, Kartzman. Truong moved, unsuccessfully, to convert the Chapter 7 bankruptcy estate into one governed by Chapter 13 of the United States Bankruptcy Code. See id. (Docket Entry Nos. 185 and 209). Thereafter, Truong instituted, unsuccessfully, in this judicial district, a parallel bankruptcy case, pursuant to Chapter 13. See In Re Mac Truong, No. 07-B-12194 (USBC-S.D.N.Y. 2007); aff'd In Re Mac Truong, Debtor, 388 B.R. 43 (S.D.N.Y. 2008). Truong and his wife obtained a Chapter 7 bankruptcy discharge on February 18, 2004. See In Re: Mac Truong and Maryse Mac-Truong, No. 03-B-40283 (USBC-

3

D.N.J.) (Docket Entry No. 44).  By a letter dated April 6, 2009, Truong informed the Court he filed a Chapter 13 bankruptcy petition, on March 9, 2009, in the United States Bankruptcy Court for the Southern District of New York.

*Teaneck Property*

The plaintiff orchestrated a series of conveyances of title to the Teaneck property, to various relatives and business entities, commencing two days after Broadwhite Associates obtained a judgment against him, in the amount of $356,509.83.  See In re: Mac Truong, Maryse MacTruong, 285 Fed. Appx. 837, 838-39 (3rd Cir. 2008) ("The district court correctly affirmed the bankruptcy court's determination concerning the Truongs' actual intent to defraud their creditors"), cert. denied, ___ U.S. ___, 129 S. Ct. 969 (2009).  The complaint Truong filed to commence the instant action detailed an alleged conspiracy, between Broadwhite Associates and Kartzman, "to sue debtors for fraudulent transfer on behalf of Broadwhites [sic] Associates. . . ."  Throughout the pleading, Truong links conduct allegedly undertaken by Broadwhite Associates, Kartzman and Judge Winfield with the administration of the New Jersey bankruptcy estate, which included the Teaneck property.

Schedule F to the Chapter 7 bankruptcy petition, filed voluntarily by Truong, in the New Jersey Bankruptcy Court, identified Broadwhite Associates as the single largest creditor; Schedule G to that petition disclosed an unexpired lease obligation owed to "325 Broadway [sic] Associates"; and a separate schedule to Truong's Chapter 7 petition, identified as "Form 7 Statement of Financial Affairs," disclosed the existence of 30 civil "actions pending in other courts," to which he is a party.  (All-capitalization omitted).  At least three of those 30 actions relate to Broadwhite, including an action through which Truong asserted a claim against the judicial officer who found that Truong introduced a forged lease in the Broadwhite trial, misconduct that led to Truong's disbarment.

Kartzman, acting as trustee of the Chapter 7 bankruptcy estate, brought an adversarial proceeding seeking, inter alia, the following relief: (i) recovery of title to the Teaneck property,

by the Chapter 7 estate; and (ii) avoidance of the series of title conveyances, discussed above, undertaken by Truong.  See Kartzman v. Mac Truong, Dr., et al., No. 03-02681 (USBC-D.N.J. 2003) (Amended Complaint, Docket Entry No. 35).  The Chapter 7 estate and the proceeding initiated by the trustee relate to the Broadwhite litigation, since Broadwhite Associates was a creditor seeking to satisfy its judgment against Truong, and Kartzman was administering the estate, as its trustee.  Id.

*New Jersey Bankruptcy Court Injunction*

The New Jersey Bankruptcy Court enjoined Truong, on February 14, 2008, from prosecuting new actions for relief, against many of the defendants he has named in the instant litigation, and others, without first obtaining leave from the New Jersey Bankruptcy Court to do so.[3]  See In Re: Mac Truong and Maryse Mac-Truong, No. 03-B-40283 (USBC-D.N.J.) (Docket Entry No. 353).  The February 14, 2008 order also contained procedures Truong was directed to follow to obtain leave from that court.  The following day, without obtaining the requisite leave, Truong sought "reinstatement of [the instant] action on the active calendar" of this court.

*Instant Injunction*

Truong's appeal of the dismissal order, including the filing injunction discussed above, was denied.  (See Docket Entry No. 10).  Truong acknowledged, in his appellate brief, inter alia, the injunctions issued in the instant action, and in the Chapter 7 bankruptcy proceeding, were "inextricably intertwined."  Id.  (See Appellant's Appellate Brief at *1).  Moreover, Truong

---

[3]The injunction issued by Judge Winfield, stated, in pertinent part:

> Effective as of the date of entry of this order on the docket, Mac Truong, Maryse Truong, and any entity or individual acting on their behalf are enjoined from filing any new action seeking relief against (i) the [t]rustee, (ii) the law firms and individual attorneys who have represented him in this bankruptcy case; (iii) the realtor and any individual agent or broker, who represented the [t]rustee in this bankruptcy case, and (iv) any other professional who has assisted the [t]rustee in the administration of this bankruptcy case, in any tribunal in the United States (including any state court, federal court, or state or federal administrative agency) unless leave is granted by the bankruptcy court to file such an action.

acknowledged your Honor required him to obtain leave from the New Jersey Bankruptcy Court, "prior to [making] his motion to reinstate his action" in this court. Id. at *8. The proposed complaint, annexed to the instant application, asserts two claims, through which Truong seeks relief from actions taken by the New Jersey Bankruptcy Court pertaining to Kartzman's control over the Teaneck property, that was seized for the benefit of the Chapter 7 estate creditors, including Broadwhite Associates.

Your Honor referred the plaintiff's application to me for a report and recommendation on the propriety of Truong proceeding with this action.

## DISCUSSION

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984). Courts may impose restrictive measures against litigants who abuse the litigation process. In re Sassower, 510 U.S. 4, 114 S. Ct. 2 (1993). A litigant with a history of frivolous and vexatious litigation can be prevented from filing pleadings, motions or appeals that are otherwise authorized by the Federal Rules of Civil Procedure. See Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 652 (2d Cir. 1987) (citing In re Martin-Trigona, 737 F.2d at 1261-62). Courts are also empowered to subject "a vexatious litigant to a 'leave of court' requirement with respect to future filings." In re Martin-Trigona, 9 F.3d 226, 229 (2d Cir. 1993); see also Malley v. New York City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (citing In re Martin-Trigona, 737 F.2d at 1261) (An "injunction is appropriate where [the] plaintiff 'abuse[s] the process of the [c]ourts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings"). Truong was barred by the court from applying to reinstate the instant litigation, without first submitting proof to the court that he obtained leave from the New Jersey Bankruptcy Court to litigate in this forum and from a United States magistrate judge of this court. See February 26, 2008 Order of the court, Docket Entry No. 5. The application Truong has presented to the court does not indicate he obtained leave from the New Jersey Bankruptcy Court to litigate in this forum.

Since Truong has not supplied proof that the New Jersey Bankruptcy Court granted him leave to litigate in this forum, a condition precedent to applying to reinstate the instant action, no basis exists for entertaining – let alone granting – the application he has made to the court.

## RECOMMENDATION

For the reasons set forth above, I recommend that the plaintiff's application be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Laura T. Swain, 500 Pearl Street, Room 755, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Swain. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
May 29, 2009

Copy mailed to:

Mac Truong

Respectfully submitted,

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE