UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MAC TRUONG,

        Plaintiff,

-v-                                No. 07 Civ. 7070 (LTS)(KNF)

STEVEN P. KARTZMAN, et al.,

        Defendants.
-------------------------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 1 7 2009

## ORDER

        Plaintiff Mac Truong in the above-captioned action ("Plaintiff" or "Truong") objects to Magistrate Judge Fox's May 29, 2009, Report and Recommendation (the "Report") recommending that Plaintiff's application to reopen and file and amended complaint in the above-captioned action be denied (docket entry no. 14) and Judge Fox's June 3, 2009, Order denying Truong's application for permission to litigate this matter in this District (docket entry no. 15). Familiarity with the Report, the Order and all prior proceedings in this matter is assumed.

        The Court has reviewed carefully Truong's objection submission and exhibits, and has reviewed de novo his arguments that are not merely reiterations of arguments raised before Judge Fox. The Court concludes that Judge Fox's determination and recommendation that Truong's application should be denied are well-founded. This action, in which Truong seeks to challenge prior bankruptcy court determinations and court-approved transactions involving a residence in New Jersey that was administered in proceedings in the bankruptcy court for that district, clearly seeks relief against parties that are within the scope of the filing injunction issued by that court on February 14, 2008. To the extent Truong seeks to evade the literal terms of that

MACTRUONGORD.WPD      VERSION 7/17/09      Copies mailed/faxed to _plaintiff_      1
                                                    Chambers of Judge Swain  7-17-09

order by naming the bankruptcy judge as a defendant, his effort to challenge collaterally the court's determinations respecting property of the estate and the administration of the particular piece of real property that is the focus of his attention here by characterizing the judge's actions as illegitimate is futile, as this Court lacks appellate or supervisory jurisdiction over the United States Bankruptcy Court for the District of New Jersey. Nor has Truong demonstrated that the claims he seeks to assert here have not been raised before and do not relate to the Broadwhite litigation.

The Court has considered thoroughly all of Truong's arguments and finds them to be without merit.

For these reasons and for the reasons set forth in Judge Fox's Report, the Court adopts Judge Fox's report (docket entry no. 14), overrules Truong's objection to Judge Fox's Order, and denies Truong's application to reinstate the above-captioned action.

This Order resolves Plaintiff's Application Pursuant to Court Orders Seeking Leave to File or Reinstate New Action, dated November 28, 2008, Plaintiff's June 1, 2009, Application for Leave to File New Action With the Clerk of This Court, and docket entry no. 16.

SO ORDERED.

Dated: New York, New York
July 17, 2009

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge